IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRENDA PEREZ-MEDRANO, <br> FARID ZAFA, AS NEXT FRIEND OF <br> J.Z., MINOR CHILD AND DIANA <br> ZAFA-MEDRANO, <br>     Plaintiffs <br><br> VS. <br><br> JEFFREY PETERSON AND <br> JT CARRIERS, INC. <br>     Defendants | § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 4:21-cv-1526 |

## DEFENDANTS' NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Jeffrey Peterson and JT Carriers, Inc., Defendants herein, and pursuant to 28 USC §§1441 and 1446, files this Notice of Removal of Cause No. 2021-14209 pending in the 215th Judicial District Court of Harris County, Texas, from that court to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy, and respectfully shows the following:

### I.
### Factual and Procedural Background

1.1   Simultaneously with the filing of this Notice of Removal Defendants have attached the documents required by Local Rule 81. Attached hereto as Exhibit A is the Index of State Court Documents that clearly identifies each document and indicates the date the document was filed in state court. Attached as Exhibit B is a copy of the Trial Court Docket Sheet and documents filed in the state court action as well as documents in support of Removal are attached as Exhibits B-1 through B-5. The documents required by Local Rule

81 include: Exhibit B (Trial Court Docket Sheet); B-1 (Plaintiff's Original Petition); B-2 (Affidavit of Service on JT Carriers); B-3 (Email agreeing to accept service for Jeffrey Peterson); B-4 (JT Carrier's consent to removal); B-5 (A copy of the Notice of Removal filed in State Court); B-6 (Florida SOS Info on JT Carriers, Inc) and B-7 (Attorney list). There are not yet any orders signed by the state judge as contemplated by Local Rule 81(3).

1.2    On or about March 11, 2021, Plaintiffs filed Plaintiffs' Original Petition, styled *Brenda Perez-Medrano, Farid Zafa, As Next Friend of J.Z., Minor Child and Diana Zafa-Medrano*, Cause No. 2021-14209, in the 215th Judicial District Court of Harris County, Texas. (Ex. B-1). In summary, Plaintiff alleges that on August 26, 2019, they were injured in a motor vehicle collision with Jeffrey Peterson while he was in the course and scope of employment with JT Carriers, Inc. in Houston, Harris County, Texas. (Ex. B-1). Plaintiffs are seeking damages of between $250,000 and $1,000,000. (Ex. B-1). Plaintiffs' claims against Defendants are based on common law negligence. (Ex. B-1). The Original Petition does not plead any jurisdictional facts with regard to properly serving the foreign corporate defendant, JT Carriers, Inc. or the non-resident motorist, Jeffrey Peterson, as required by Texas law and pursuant to the applicable Texas Long-Arm Statutes (Tex.Civ.Prac. & Rem.Code §17.044, service on secretary of state for non-residents conducting business in Texas; Tex.Civ.Prac. & Rem. Code §17.062, service on Chairman of Texas Transportation Commission as agent for non-resident motorists involved in a collision in Texas).

1.3    According to the "Affidavit of Service" (identified on the Docket Sheet as "Return of Service") filed on March 31, 2021, Plaintiff attempted service on Defendant JT Carriers, Inc. on March 25, 2021 by serving "Heather Kenk (Secretary/Daughter-in-law) on Behalf of its Registered Agent, John C. Keck." (Ex. B-2).

1.4. Plaintiffs did not served Jeffrey Peterson. Instead, he was served through his attorney of record on May 4, 2021. (Ex. B-3). Defendants' removal is therefore timely as it is done by Jeffrey Peterson within thirty (30) days of service by Peterson of Plaintiff's Original Petition and is with the consent of co-defendant JT Carriers, Inc.

1.5   As noted in the Docket Sheet, no default has been taken and Defendants have not yet filed a response to the Original Petition. (Ex. B-2).

1.6   In accordance with 28 USC §1446(b)(2)(A), Defendant JT Carriers, Inc., the only previously served defendant, hereby joins this notice of removal and consents to removal of this case. (Ex. B-4).

## II.
## Basis for Removal

2.1   Defendants file this Notice of Removal within thirty (30) days of Jeffrey Peterson's receipt of Plaintiff's Original Petition which was served on his attorney of record on May 4, 2021. *See* 28 USC §1446(b)(2)(B). JT Carriers, Inc., the earlier served Defendant, has consented to this Removal. *See* 28 USC §1446(b)(2)(C).

2.2   In addition, as discussed more fully below, the attempted service on Defendant JT Carriers March 25, 2021 was defective. Consequently, the thirty day timeline for JT Carriers, Inc. to remove this case never began to accrue. *See Kingman Holdings, LLC vs. U.S. Bank Nat'l. Assoc.*, 2016 WL 1756508 (E.D.Tex.2016).

2.3   This Notice of Removal is being filed within one year of the commencement of this action. *See* 28 USC §1446(b).

2.4   Removal is proper based on diversity of citizenship. 28 USC §§1332(a)1), 1441(a) and 1446.

A. **The parties are of diverse citizenship.**

2.3   Plaintiffs are, and were at the time the lawsuit was filed, citizens of Texas residing in Harris County, Texas. (Ex. B-12).

2.4   Defendant, Jeffrey Peterson is a resident of Lake County, Florida. (Ex. B-1). Defendant, JT Carriers, Inc. is a Florida corporation. (Ex. B-6)(Plaintiff's Petition incorrectly identifies them as a Louisiana Corporation). Complete diversity exists.

B. **The amount in controversy exceeds the jurisdictional requirement for subject matter jurisdiction.**

2.5   In determining the amount in controversy, the court may consider the amount of monetary relief and demand specifically plead in the petition, which, in this case, is between $250,000 and $1,000,000. 28 USC §1446(c)(2). This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements. (Ex. B-1).

### III.
### The Removal is Procedurally Correct

A. **Defendant Jeffrey Peterson is removing within thirty days of service.**

3.1   Defendant Jeffrey Peterson was served by agreement through counsel on May 4, 2021. (Ex. B-3). Defendant JT Carriers, Inc. has consented to this Removal. (Ex. B-4). Consequently, this removal is timely under 28 USC §1446(b) as it is within thirty (30) days of Defendant Peterson's receipt of Plaintiff's Original Petition entitling him to removal.

B. **Defendant JT Carriers, Inc. was not properly served and thus no deadline to remove has begun to accrue.**

   1. **Plaintiffs' failed to strictly comply with the Texas Long-Arm Statute.**

3.2   The collision made the basis of this suit involved Jeffrey Peterson, a Florida resident, allegedly driving a truck in the course and scope of employment with JT Carriers,

Inc., also a Florida resident. Consequently, Plaintiffs were required to allege jurisdictional facts in their petition including allegations with regard to properly serving the foreign corporate defendant, JT Carriers, Inc. or the non-resident motorist, Jeffrey Peterson, as required by Texas law and pursuant to the applicable Texas Long-Arm Statutes (Tex.Civ.Prac. & Rem.Code §17.044, service on secretary of state for non-residents conducting business in Texas; Tex.Civ.Prac. & Rem. Code §17.062, service on Chairman of Texas Transportation Commission as agent for non-resident motorists involved in a collision in Texas). However, there are no such allegations nor is there any evidence that Plaintiffs served Defendants in accordance with the foregoing Texas Long Arm Statutes. Instead, it would appear that Plaintiffs simply sent the process to Brigitte Lotze, a process server in Florida, and had her serve the citation. (Ex. B-2). Plaintiffs' failure to strictly comply with the Texas Long Arm Statutes renders any service on JT Carriers, Inc. invalid. *See Primate Constr. Co. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994). Their thirty day deadline to remove has not accrued. *See Kingman Holdings, LLC*, 2016 WL 1756508.

    **2.**    **Service was invalid because the Florida process server was not authorized by Florida law to serve foreign process.**

3.3    Service on JT Carriers, Inc. was invalid because the process server, Brigitte Lotze, was not authorized to serve this foreign process. F.S.A. §48.021(1) establishes three categories of persons by whom process may be served in Florida, including a sheriff, a person appointed by the sheriff in the sheriff's county (known as a special process server), or a certified process server appointed by the chief judge of the circuit court. However, service of foreign process, as in this case involving a Citation issued by the Harris County, Texas District Court, must be made by a Florida sheriff. *See* F.S.A. §48.195(1). In addition, F.S.A. §48.27, "Certified Process Servers," provides that a certified process server may

only serve process relating to a civil action filed *in the circuit court in in a county court in the state* in which the process server is certified. F.S.A. §48.27(2)(a). Failure to strictly comply with Section 48.27 renders the service invalid. *See Abbate v. Provident Nat. Bank.*, 631 So.2d 312, 314 (Fla.5th DCA 1994)(Service issued by a different circuit court than the one in which process server was certified was invalid). Here, process was not issued by a Florida circuit or county court, but by a Texas district court. Thus, the service is defective.

> **3. Service was invalid because Plaintiff's did not strictly comply with Florida law regarding service on a corporation directly or through its registered agent.**

3.4     Notwithstanding the foregoing, Service of process was defective under Florida law as well. Service on a domestic corporation such as JT Carriers, Inc. is dictated by F.S.A. §48.081, which provides a specific hierarchy of whom may be served on behalf of the corporation. When served on the corporation, service must first be attempted on the president or vice president or other head of the corporation. F.S.A. §48.081(1)(a). In the absence of those officers at the corporation service may be made on inferior officers. F.S.A. §48.081(1)(b-d). An Affidavit of Service wherein an inferior officer was served is defective if it does not show the absence of one of the statutorily prescribed superior officers. *See Sardis v. Vista St. Lucie Assoc., Inc.*, 804 So.2d 372, 373 (Fla.4th.DCA 2001). In this case, the Affidavit of Service says it was served on "JT CARRIERS, INC. BY DELIVERING TO HEATHER KENK[1] (Secretary/Daughter-in-Law) ON BEHALF OF ITS REGISTERED AGENT, JOHN C. KECK." (Ex. B-2). The attached Florida Secretary of State information shows that "Eve M. Keck" is JT Carriers, Inc.'s Secretary, not Heather Keck. (Ex. B-6). Although the Florida information does list Heather Keck as the Treasurer,

---

[1] This is also mistaken. Her last name is "Keck" not "Kenk."

(an inferior officer), there are no facts regarding the presence or absence of superior officers. (Ex. B-2). Such information is a "condition precedent to the validity of service upon a member of an inferior class." *Dade Erection Service, Inc. v. Sims Crane Service, Inc.*, 379 So.2d 423 (Fla.2nd DCA 1980). Further, while Heather Keck may be listed as Treasurer, the Affidavit incorrectly refers to her as "Secretary." (Ex B-2). Florida law requires "strict compliance" with its service statutes. Service was defect under F.S.A. §48.081(1)(a-d).

3.5     Service on JT Carriers, Inc. was also defective under F.S.A. §48.081(3)(a), which permits service on a Florida corporation through its registered agent. The attached Florida Secretary of State information lists "John C. Keck" as the registered agent for JT Carriers, Inc. (Ex. B-6). F.S.A. §48.091 requires that a registered agent be present at their listed address between 10:00 am-12:00 pm Monday through Friday. In this case, the Citation lists that service is to be made on John C. Keck at his office at 30533 County road 437, Sorrento, FL 32776 and that is where the Affidavit of Service shows it was made. (Ex. B-2). However, there are no facts in the Affidavit indicating that John C. Keck was not present as required by F.S.A. §48.091(2). Further, the Affidavit does not state that Heather Keck was served in her capacity as an employee of an absent registered agent, John C. Keck. (Ex. B-2). Serving a random person and then listing them as "Daughter-in-law" is not sufficient. *See Mattress One, Inc. v. Sunshop Properties, LLC*, 282 So.3d 1024 (Fla.3rd DCA 2019)(Service on "random employee" of registered agent was insufficient).

## IV.

3.6     Venue is proper in this District and Division under 28 USC §1446(a) because a substantial part of the events giving rise to Plaintiffs' claims alleged occurred here.

CLARKHILL\D8895\403177\262850160.v1-5/7/21

3.7     Pursuant to 28 USC §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.8     Pursuant to 28 USC §1446(d), promptly after Defendant Peterson files this Notice, written notice of the filing will be given to Plaintiff, the adverse party, as well as co-defendant JT Carriers, Inc.

3.9     Pursuant to 28 USC §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Harris County District Court, promptly after Defendant files this Notice. (Ex. B-6). A list of counsel is attached as Ex. B-7.

## V.
## Conclusion

4.1     Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Jeffrey Peterson hereby removes this case to this Court for trial and determination.

Respectfully submitted,

CLARK HILL PLC

By:     /s/ H. Scott Alexander
        Bijan Siahatgar
        Texas Bar No. 18336200
        Texas Bar No. 24032467
        H. Scott Alexander
        State Bar No. 00793247
        2615 Calder Avenue, Suite 240
        Beaumont, Texas 77702
        Telephone:    409.351.3801
        Facsimile:    409.351.3883
        bsiahatgar@clarkhill.com
        hsalexander@clarkhill.com
        **ATTORNEYS FOR DEFENDANTS,
        JEFFREY PETERSON AND
        JT CARRIERS, INC.**

## **CERTIFICATE OF SERVICE**

 I hereby certify that on this 7th day of May, 2021, a true and correct copy of the foregoing document was electronically field by E-File Texas with a request for service on counsel for all parties.

*/s/ H. Scott Alexander*
H. Scott Alexander
